# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BEAR TRANSPORTATION § | |
| SERVICES, L.P. § | |
| § | |
| § | |
| V. § | CASE NO. 4:12CV79 |
| § | Judge Clark/Judge Mazzant |
| § | |
| ANNA ASTON, ET AL. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Remand (Dkt. #17). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted.

On April 13, 2011, Plaintiff Bear Transportation Services, L.P, filed an action in the 219th District Court of Collin County, Texas, entitled *Bear Transportation Services, L.P. v. Anna Aston, Alex Hansen, Chris Perry, Jack Woolverton, and GTO 2000, Inc.*, Cause No. 219-01602-2011. Plaintiff asserts that the individual Defendants allegedly breached their post-employment obligations to Plaintiff when providing transportation brokerage services to GTO 2000, Inc. Defendants Alex Hansen ("Hansen") and Chris Perry ("Perry") filed counterclaims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, on January 13, 2012, and Jack Woolverton[1] ("Woolverton") filed a similar counterclaim on February 8, 2012.

On February 13, 2012, Plaintiff removed this lawsuit to federal court, pursuant to 28 U.S.C. § 1441. Plaintiff's Notice of Removal only removed some of the claims and some of the Defendants. Plaintiff removed only the FLSA claims filed by Perry, Hansen, and Woolverton, but not the state

---

[1] Although Woolverton asserts that he filed a counterclaim, the Court could not locate the counterclaim in the record.

court causes of action against all Defendants.

On March 6, 2012, Defendants filed their Motion to Remand (Dkt. #17). Defendants assert that removal was improper and the case should be remanded back to state court because only a defendant may remove a case to federal court, Plaintiff's status as a counter-defendant does not make it a "defendant" within the meaning of the removal statute, and federal question jurisdiction may not arise from a counterclaim. On March 23, 2012, Plaintiff filed a response (Dkt. #21). Plaintiff does not oppose remand. On April 19, 2012, Plaintiff filed a response in opposition to the request for attorney's fees (Dkt. #22).

Title 28, section 1441 of the U.S.C., the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331-1334. As a general rule, the burden of proving that federal jurisdiction exists falls on the removing party. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack

of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty (30) days have passed. *Id.*

Removal is restricted to the defendant or defendants in the civil action. In other words, a plaintiff cannot remove his or her own claim. Nor can a case be removed based on a defendant's defenses. *McKinney Econ. Dev. Corp. v. McKinney Shores Props., Inc.*, No. 4:09cv284, 2010 WL 3855553, at *2 (E.D. Tex. Aug. 27, 2010); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998). Federal question jurisdiction may not arise from a counterclaim, but must appear on the fact of plaintiffs well pleaded complaint. *McKinney Shores*, 2010 WL 3855553, at *2; *B&S Welding LLC Work Related Injury Plan v. Oliva-Barron*, No. 3:10-cv-01491-M, 2011 WL 93064, at *2-3 (N.D. Tex. Jan. 10, 2011). Under the "well-pleaded complaint" rule, a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law. *Howery v. All-State Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, counterclaims in a state court action, even if they rely exclusively on federal law, do not "arise under" federal law and therefore cannot be removed to federal court by either the plaintiff or the defendant. *B&S Welding*, 2011 WL 93064, at *3 (citing *Vaden v. Discover Bank*, 129 S. Ct 1262, 1273 (2009)).

Defendants assert that Plaintiff relies exclusively on Defendants' counterclaims under the FLSA to remove this action, which is improper. The Court agrees. Furthermore, section 1441(a) states only a defendant may remove a case. The word "defendant" under 1441(a) means the original plaintiff's defendant, and not a counter-defendant. Thus, removal was improper in this case. Moreover, Plaintiff's one-sentence responses indicates that Plaintiff does not oppose remand.

3

Therefore, this case should be remanded.

Defendants also seek all costs and expenses related to the motion to remand, including attorney's fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the Court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. This standard is purely objective-the Court may award fees even if removal is made in subjective good faith. *Id.*

The Court determines that an award of fees and costs is appropriate in this case because it believes that Plaintiff had no objectively reasonable basis for removal. Although Plaintiff filed a response stating that it did not oppose remand, Defendants have expended unnecessary time and effort on a matter that should have never been before the Court. Therefore, Defendants' request for costs and attorney's fees should be granted, and Defendants should recover from Plaintiff their costs and reasonable attorney's fees incurred in successfully having this case remanded to state court. Although affidavits were submitted, the affidavits fail to indicate the hourly rate for each attorney and whether the rate was a reasonable rate, nor do the affidavits indicate how many hours it took for counsel to address the relevant matters. Counsel may submit supplemental affidavits for consideration within the next five days.

## **RECOMMENDATION**

Based upon the findings and legal analysis discussed above, the Court RECOMMENDS that Defendants' Motion to Remand (Dkt. #17) be GRANTED and the case REMANDED to the 219th

District Court of Collin County, Texas. The Court further RECOMMENDS that Plaintiff pay Defendants' reasonable attorney's fees. The Court will consider what a reasonable fee would be if Defendants submit an affidavit within five (5) days of this report.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of May, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE